UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELBY LOWERY, III** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-248-BAJ-RLB** |
| **ACE AMERICAN INSURANCE COMPANY, ET AL.** | |

# ORDER

Before the Court is Plaintiff's Motion to Remand (R. Doc. 77) filed on November 29, 2018. The motion is opposed. (R. Doc. 84).

Shelby Lowery, III ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana on or about March 23, 2017. (R. Doc. 1-1 at 1-5). Plaintiff seeks recovery for alleged personal injuries resulting from an automobile accident involving an ambulance in which Plaintiff was a passenger and a vehicle driven by the defendant Shawn Williams. Plaintiff alleges that he and Mr. Williams were both residents of the State of Louisiana at the time the action was filed.

On April 21, 2017, Ace American Insurance Company and The Sherwin-Williams Company removed the action, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In relevant part, the removing defendants assert that at the time of removal, Mr. Williams was a "resident citizen of Georgia," and, accordingly, that there is complete diversity between the parties. (R. Doc. 1 at 3-4).

On June 21, 2017, the removing defendants filed a statement by Mr. Williams providing, among other things, that he moved from Baton Rouge, Louisiana to Atlanta, Georgia in February of 2017, and that he did not "intend to return to Louisiana to live permanently," that he intended

to enroll in a police academy in Gulfport, Mississippi, and that he intended to permanently move to Gulfport, Mississippi after graduation from the police academy. (R. Doc. 15). Furthermore, Mr. Williams represented in his discovery responses that he "lived" in Baton Rouge, Louisiana from February 2016 through February 2017; in Atlanta, Georgia from February 2017 through May 2017; and on a tug boat at sea off and on from March 2017 through November 2017. (R. Doc. 84-1 at 5).

On March 20, 2018, Mr. Williams testified at his deposition that since May 2017 he has resided in Baton Rouge, Louisiana. (R. Doc. 77-2 at 8). He also confirmed that he previously lived in Georgia, but also indicated that his was prior to the accident in this case, and that he has lived in Louisiana since that accident. (R. Doc. 77-2 at 11). The defense asserts that any potential inconsistencies in the deposition testimony are a result of vague or confusing questioning. (R. Doc. 84 at 1).

In addition, Mr. Williams was issued a Louisiana driver's license on January 20, 2017, approximately two months before this action was filed. (R. Doc. 77-2 at 97-98).

Plaintiff now seeks remand on the basis that the Court lacks complete diversity of citizenship, and, therefore, subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 77). In opposition, the defendants assert that Mr. Williams was a citizen of Georgia at the time of removal, and that any post-removal change of citizenship is irrelevant. (R. Doc. 82). In an additional statement, and in support of a finding that he was domiciled in Georgia at the time of removal, Mr. Williams asserts that in March 2017 he sought to become a police officer with the City of East Point, Georgia; that he opened a bank account in Atlanta, Georgia in May of 2017; that he received a physical examination on May 25, 2017 in Hampton, Georgia related to his

application to attend the Harrison County Law Enforcement Training Academy in Mississippi; and that he withdrew the foregoing application on August 2017. (R. Doc. 84-2).

Having reviewed the record, the Court finds it appropriate to hold an evidentiary hearing to develop the record and assess the credibility of Mr. Williams to determine his citizenship at the time of removal. *See Padilla-Mangual v. Pavia Hospital*, 516 F.3d 29 (1st Cir. 2007); *Core VCT PLC, et al. v. Hensley*, 59 F. Supp. 3d 123 (D.C. 2014). The sole issue to be determined at the evidentiary hearing is Mr. Williams' domicile (i.e., citizenship) at the time the petition was filed in state court and at the time of removal. *See St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289-91 (1938); *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). The evidence to be submitted by the parties shall address the factors for determining domicile enumerated by the Fifth Circuit. *See Coury v. Prot*, 85 F.3d 244, 250-51 (5th Cir. 1996).

**IT IS ORDERED** that an evidentiary hearing is scheduled in this matter for **January 18, 2019 at 10:00 a.m.** in **Courtroom 6**. The hearing is limited to a determination of Shawn Williams' domicile at the time of removal.

**IT IS FURTHER ORDERED** that by **January 16, 2019**, the plaintiff and the defendants shall exchange lists of witnesses and exhibits to be offered at the evidentiary hearing.

**IT IS FURTHER ORDERED** that Shawn Williams shall be present at the hearing and shall be prepared to provide testimony.

Signed in Baton Rouge, Louisiana, on January 2, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**