UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHELBY LOWERY                             CIVIL ACTION

VERSUS

ACE AMERICAN INSURANCE          NO.: 17-248-BAJ-RLB
COMPANY ET AL.

## RULING AND ORDER

Before the Court is Defendants' **Motion to Limit the Testimony (Doc. 46)** of Plaintiff's vocational rehabilitation expert, Lacy Sapp. For the reasons that follow, the **Motion (Doc. 46) is GRANTED**.

I.     BACKGROUND

This is a car-accident case. (Doc. 1). It arises from a collision on Jefferson Highway in Baton Rouge, Louisiana. (*Id.* at ¶ 3). Shawn Williams was driving a van for his employer, Sherwin-Williams. (*Id.* at ¶ 4). Shelby Lowery was travelling in an ambulance, working as a paramedic. (*Id.* at ¶ 3). Williams tried to turn onto Jefferson Highway but instead struck the ambulance. (*Id.* at ¶ 5). Lowery sued. (*Id.*).

Lowery hired Lacy Sapp as a vocational rehabilitation expert. (Doc. 46-2). Sapp offers a future-damages opinion that assumes that Lowery's injuries will prevent him from continuing to work as a paramedic. (*Id.* at 8). Defendants move to exclude that opinion. (Doc. 46).

## II. LEGAL STANDARD

Because Plaintiff offers Sapp's testimony, Plaintiff must show that (1) Sapp's testimony is based on sufficient facts or data, (2) Sapp's testimony is the product of reliable principles and methods, and (3) Sapp has applied the principles and methods reliably to the facts of the case. *See Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (citing FED. R. EVID. 702).

## III. DISCUSSION

Plaintiff returned to full-time work as a paramedic about three months after the accident. (Doc. 46-3 at 81). Almost two years later, Plaintiff is still working full-time as a paramedic. (Docs. 46-1 at 1; 55 at 4). No doctor placed him on any restriction that affects his ability to work as a paramedic. (Doc. 46-4 at 66–68). No doctor opines that he will be required to quit his job. (*Id.*). Two doctors opine that he can work as a paramedic "as long as he can tolerate it." (*Id.*).

Yet Sapp assumes that Plaintiff "is unable to return" to his work as a paramedic. (Doc. 46-2 at 7). Sapp bases that assumption on Plaintiff's "concern" that he may not be able to "tolerate" the work much longer—not on Plaintiff's medical or employment records. (Doc. 46-4 at 81).

Sapp's opinion is not admissible because it is not reliable. *See* FED. R. EVID. 702. It is based on Plaintiff's "unsupported speculation or subjective belief" that he *may* not be able to work as a paramedic *sometime* in the future.[1] *See Johnson v.*

---

[1] Plaintiff asserts—without citing to the record—that his doctors have opined that he "will eventually not be able to tolerate working as a paramedic[.]" (Doc. 55 at 4). The Court has reviewed the record and found no testimony to support the assertion.

2

*Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). Because Sapp's opinion is unreliable, the Court must exclude it. *See Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 587 (5th Cir. 2004) (affirming exclusion of expert opinion that was based on speculation).

Separately, Sapp's opinion is not admissible because it is not relevant. *See* FED. R. EVID. 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. FED. R. EVID. 401. Evidence that is not relevant is not admissible. FED. R. EVID. 402. Because Sapp's opinion is "based on totally incorrect facts" and "unfounded assumptions" about Plaintiff's ability to continue working as a paramedic, the opinion has no tendency to make any fact of consequence more or less probable than it would otherwise be. *See Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Limit the Testimony of Lacy Sapp (Doc. 46)** is **GRANTED**. Sapp may not offer any opinion that is based on the assumption that Plaintiff will not be able to continue working as a paramedic.

Baton Rouge, Louisiana, this 27th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**