UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHELBY LOWERY**                                    **CIVIL ACTION**

**VERSUS**

**ACE AMERICAN INSURANCE**                    **NO.: 17-248-BAJ-RLB**
**COMPANY ET AL.**

## RULING AND ORDER

Before the Court is Defendants' **Motion to Limit the Testimony (Doc. 45)** of Plaintiff's economist, G. Randolph Rice. For the reasons that follow, the **Motion (Doc. 45) is GRANTED**.

### I. BACKGROUND

This is a car-accident case. (Doc. 1). It arises from a collision on Jefferson Highway in Baton Rouge, Louisiana. (*Id.* at ¶ 3). Shawn Williams was driving a van for his employer, Sherwin-Williams. (*Id.* at ¶ 4). Shelby Lowery was travelling in an ambulance, working as a paramedic. (*Id.* at ¶ 3). Williams tried to turn onto Jefferson Highway but instead struck the ambulance. (*Id.* at ¶ 5). Lowery sued. (*Id.*).

Lowery hired G. Randolph Rice to prepare an economic-loss estimate. (Doc. 45-2). As part of that estimate, Rice made two calculations of Plaintiff's future earning capacity. (*Id.* at 2–3). The first assumes that Lowery can continue to work as a paramedic. (*Id.* at 2). The second assumes that Lowery transitions to a physician

1

assistant position because he cannot continue to work as a paramedic. (*Id.* at 2–3). Defendants move to exclude the second calculation. (Doc. 45).[1]

## II. LEGAL STANDARD

Because Plaintiff offers Rice's testimony, Plaintiff must show that (1) Rice's testimony is based on sufficient facts or data, (2) Rice's testimony is the product of reliable principles and methods, and (3) Rice has applied the principles and methods reliably to the facts of the case. *See Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (citing FED. R. EVID. 702).

## III. DISCUSSION

Rice bases his second calculation on the assumption that Plaintiff will have to quit work as a paramedic and transition to a career as a physician assistant. (Doc. 45-2 at 2). That assumption is the crux of Lacy Sapp's vocational rehabilitation assessment—an assessment the Court rejected as rooted in speculation. (Doc. 95). The assumption was too speculative to support Sapp's vocational rehabilitation assessment and is too speculative to support Rice's second calculation of Plaintiff's future earning capacity. *See, e.g., Noel v. Inland Dredging Co.*, No. 17-CV-1989, 2018 WL 1911821, at *4 (E.D. La. Apr. 23, 2018) (excluding economic-loss estimate to the extent it relied on an unreliable vocational-rehabilitation opinion).

---

[1] Plaintiff argues—without citing to the record—that Rice may base his second calculation on Lacy Sapp's vocational rehabilitation assessment because Sapp based that assessment on Plaintiff's doctors' testimony that Plaintiff "will have to eventually stop working as a paramedic." (Doc. 56 at 2). Because neither doctor so testified, the argument lacks merit.

2

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion to Limit the Testimony (Doc. 45) of G. Randolph Rice** is **GRANTED**. Rice may not offer an estimate of Plaintiff's future earning capacity that is based on the assumption that Plaintiff will transition to a physician assistant position because he is unable to continue to work as a paramedic.

Baton Rouge, Louisiana, this 27th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**