UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHELBY LOWERY                                              CIVIL ACTION

VERSUS

ACE AMERICAN INSURANCE                  NO.: 17-248-BAJ-RLB
COMPANY ET AL.

## RULING AND ORDER

Before the Court is Plaintiff Shelby Lowery's **Motion to Exclude (Doc. 44)** the opinions of (1) Defendants' accident reconstructionist, Michael Gillen; and (2) Defendants' vocational-rehabilitation expert, Nancy Favaloro. For the reasons that follow, the **Motion (Doc. 44)** is **DENIED**.

I.     BACKGROUND

This is a car-accident case. (Doc. 1). It arises from a collision on Jefferson Highway in Baton Rouge, Louisiana. (*Id.* at ¶ 3). Shawn Williams was driving a van for his employer, Sherwin-Williams. (*Id.* at ¶ 4). Shelby Lowery was travelling in an ambulance, working as a paramedic. (*Id.* at ¶ 3). Alyssa Toucey was driving the ambulance—with flashers activated—in the center lane. (*Id.*). Williams tried to turn left onto Jefferson Highway but instead struck the ambulance. (*Id.* at ¶ 5). Lowery sued. (*Id.*).

Defendants hired Gillen to analyze the collision. (Doc. 44-5 at 2). Gillen is a twenty-year veteran of the Baton Rouge Police Department; he was the primary investigator for the hit-and-run division for some of that time. (Doc. 65-4 at 1). He

1

opines that (1) Toucey could have prevented the collision; and (2) Toucey failed to drive with "due regard for safety," in violation of Louisiana Revised Statutes 32:24(D). (Doc. 44-5 at 20).

Defendants hired Nancy Favaloro to prepare a vocational-rehabilitation assessment. (Doc. 44-8 at 1). She opines that Plaintiff will not suffer a loss of earnings as a result of the collision. (*Id.* at 5).

Plaintiff moves to exclude the opinions of both experts under Federal Rule of Evidence 702. (Doc. 44).

## II. LEGAL STANDARD

Because Defendants offer the testimony of Gillen and Favaloro, Defendants must show that (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) Gillen and Favaloro have applied the principles and methods reliably to the facts of the case. *See Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (citing FED. R. EVID. 702).

## III. DISCUSSION

### A. Gillen

Plaintiff asks the Court to exclude Gillen's opinions because (1) Gillen is not qualified to opine that Toucey could have prevented the collision; and (2) Gillen's opinions ignore facts unfavorable to Defendants. (Doc. 44-1 at 6–10).

For his first argument, Plaintiff asserts that Gillen is not qualified to opine on the preventability of the accident because he is not an expert in EMS traffic-safety

2

procedures. (Doc. 44-1 at 7). Defendants rejoin that Gillen's experience applying Louisiana Revised Statutes 32:24(D)—the same law that governs ambulance drivers—to decide if police officers have safely operated police cruisers qualifies him to opine on Toucey's operation of the ambulance.[1] (Doc. 65 at 7). The Court agrees.

Gillen has made "over 25,000" traffic stops. (Doc. 44-5 at 19). "Many" stops involved the use of emergency lights. (*Id.*). Gillen created and supervised the Traffic Homicide Unit of the Baton Rouge Police Department, which investigated "serious police fleet collisions" and offered opinions on "speed, avoidance opportunity, and compliance with standard operating procedures." (*Id.*). And Gillen has judged whether officers driving police cruisers have complied with the same standard that governs Toucey's operation of the ambulance. *See* LA. R.S. 32:24(D). Plaintiff's challenges to Gillen's expertise in the narrower area of EMS traffic-safety procedures go to the weight a jury may assign to Gillen's opinions, not to their admissibility. *See Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). The Court therefore overrules Plaintiff's objection to Gillen's qualifications.

Next, Plaintiff argues that Gillen's opinions are unreliable because he based them on facts favoring Defendants. (Doc. 44-1 at 9–10). The Court disagrees.

Gillen may base his opinions "on facts or data in the case that he has been made aware of or personally observed." *See* FED. R. EVID. 703. His report and deposition testimony show that he based his opinions on the crash report, discovery

---

[1] Louisiana Revised Statutes 32:24(D) requires the driver of an "authorized emergency vehicle" to drive "with due regard for the safety of all persons." Ambulances and police cruisers are "authorized emergency vehicle[s]." *See* LA. R.S. 32:1(1).

3

responses, the crash video, the ruling of the Baton Rouge Department of Emergency Medical Services Accident Review Board, and the depositions of Defendants, Toucey, Plaintiff, and others. (Doc. 44-5 at 2). Again, Plaintiff's challenges to the bases of Gillen's opinions go to weight—not to admissibility. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). And Plaintiff has not shown that Gillen's testimony is so off-base that it cannot be adequately challenged on cross-examination and with countervailing testimony. *See Nkansah v. Martinez*, No. 3:15-CV-646-JWD-RLB, 2017 WL 2798520, at *4 (M.D. La. June 28, 2017). The Court therefore overrules Plaintiff's objection to the bases of Gillen's opinions.

### B. Favaloro

Plaintiff asks the Court to exclude Favaloro's opinions because her opinions do not consider the opinions of Plaintiff's treating physicians. (Doc. 44-1 at 11). Plaintiff argues that Favaloro relied "exclusively" on the opinions of Defendants' expert physician, Dr. Neil Romero. (*Id.* at 12). The argument lacks merit.

Favaloro's report and deposition testimony show that she based her opinions on more than Dr. Romero's opinion. (Docs. 44-8, 65-7). She considered the medical records generated by Plaintiff's treating physicians, Dr. David Ferachi and Dr. Jeremy Comeaux, plus the vocational-rehabilitation assessment prepared by Plaintiff's vocational-rehabilitation expert, Lacy Sapp. (Docs. 44-8 at 1—6; 65-7 at 24). And Favaloro's opinions find support in Plaintiff's medical records—records that show that no physician placed restrictions on Plaintiff's ability to work as a

4

paramedic. (Doc. 95 at 2). The Court therefore overrules Plaintiff's objection to the bases for Favaloro's opinions.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Exclude (Doc. 44)** is **DENIED**.

Baton Rouge, Louisiana, this 11th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**