UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHELBY LOWERY, III                                         CIVIL ACTION

VERSUS

ACE AMERICAN INSURANCE                                     NO.: 17-00248-BAJ-RLB
COMPANY ET AL.

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 99)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Motion to Remand (Doc. 77)** filed by Plaintiff Shelby Lowery, III ("Plaintiff"). The Magistrate Judge recommended that the Motion to Remand be denied because diversity of citizenship existed at the time this lawsuit was filed in state court and at the time it was removed to federal court, in accordance with 28 U.S.C. § 1332. (Doc. 99 pp. 10-11).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 99 at p. 1).

For the reasons stated herein, the Magistrate Judge's **Report and Recommendation (Doc. 99)** is **ADOPTED** as the Court's opinion herein. Accordingly, Plaintiff's **Motion to Remand (Doc. 77)** is **DENIED**.

1

## II. OBJECTIONS

Plaintiff filed objections to the Magistrate Judge's Recommendation, claiming that the Magistrate Judge improperly concluded that diversity jurisdiction exists in this case, given that Defendant Shawn Williams was a Louisiana resident at all relevant times. (Doc. 101). As brief background, this case arises out of a motor vehicle collision that occurred in December of 2016. Plaintiff initiated this action in the 19th Judicial District Court on March 23, 2017. (Doc. 1-1 at p. 1-5). Defendants removed the action on April 21, 2017 asserting that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). It is undisputed that up until February 2017, Williams lived in Baton Rouge, Louisiana. (Doc. 99 at p. 3). Defendants claim that in February 2017, Williams moved to Atlanta, Georgia to live permanently. (Doc. 15 at p. 1). On March 13, 2017 Williams began working as a boat captain, which required him to spend thirty days at a time at sea with two-week intervals on land. (*Id.*) Defendants claim that Williams spent these intervals either visiting family in Georgia and Texas or his fiancé, Ashley Gibson, in Louisiana. (Doc. 15 at p. 2).

Plaintiff contends that the evidence produced at the hearing on the Motion to Remand indicates that Williams' intention at the time of suit and removal was to live with Gibson, his now wife, in Louisiana. (Doc. 101 at p. 2). First, Plaintiff highlights evidence that supports that Williams lived in Louisiana at the time of the accident, prior to filing suit, and after Defendants filed their notice of removal. (Doc. 101 at p. 2-3). However, as the Magistrate Judge indicated, diversity of citizenship is only required at the time of filing of suit in state court and at the time of removal to federal

2

court. *Coury v. Prot*, 85 F.3d 244, 249-49 (5th Cir. 1996). Moreover, "if diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties." *Id.* As such, this evidence has no bearing on the question of diversity jurisdiction.

Plaintiff also points to several other pieces of evidence: First, nine days before Defendants removed this action, Williams submitted a change of address, requesting that his address be changed to Gibson's home in Louisiana. (Doc. 101 at p. 2). However, as the Magistrate Judge pointed out, this was only to ensure that his mail would be checked while he was at sea. (Doc. 99 at p. 11). Second, Williams was unable to name the owner or any current resident of the house he was to return to in Georgia. (Doc. 101 at p. 3). Third, although Williams testified that he intended to move to Mississppi or remain in Georgia to attend police training, such intent never turned into actual employment. (Doc. 101 at p. 4). Finally, Williams married Gibson, a Louisiana resident, the day after the hearing on the Motion to Remand and currently lives with her. (*Id.*).

Even taking these facts as true, the Court concludes that they are insufficient to overcome the multitude of other evidence which supports that Williams moved from Louisiana before suit was filed in state court and did not intend to return to Louisiana until after this action was removed. As the Magistrate Judge recounted this evidence in great detail in the recommendation, it is unnecessary for the Court to reiterate it here. (Doc. 99 at pp. 4-5).

## III. CONCLUSION

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation, (Doc. 99)**, is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Doc. 77)** is **DENIED**.

Baton Rouge, Louisiana, this 21st day of June, 2019.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**